UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILHELMSEN SHIPS SERVICE

                      Plaintiff,      08 CV 7206 (VM)

-v-

                                                VERIFIED COMPLAINT

GRADIENT SHIPPING LINES PVT LTD, and
GRADIENT INTERNATIONAL LIMITED

                      Defendants.
-----------------------------------------------------------------x

RECEIVED AUG 1 3 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, WILHELMSEN SHIP SERVICE (hereinafter "WSS"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, GRADIENT SHIPPING LINES PVT LTD (hereinafter "GSL") and GRADIENT INTERNATIONAL LIMITED (hereinafter "GIL"), alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, WSS, was and still is a foreign business entity duly organized and existing pursuant to the laws of Hong Kong, with an office and principle place of business at: Strandveien 20, N-1366 Lysaker, Norway.

3. At all times material hereto, Defendant, GSL, was and still is a foreign business entity with an office and principle place of business at 702 Sunshine, Off. Lokhandwala Circle, Shastri Nagar, Andheri, Mumbaim India, 400 053 and/or Suite No. 1003, Khaild Al-Attar Tower, Sheikh Zayed Road, P.O. Box 71241, Dubai, U.A.E.

4. At all times material hereto, Defendant, GIL, was and still is a foreign business entity with an office and principle place of business at 702 Sunshine, Off. Lokhandwala Circle, Shastri Nagar, Andheri, Mumbaim India, 400 053 and/or Suite No. 1003, Khaild Al-Attar Tower, Sheikh Zayed Road, P.O. Box 71241, Dubai, U.A.E.

## FACTS AND CLAIM

5. During the period of March 10-13, 2008, WSS was engaged to act as port agent for the M.V. IANUK, by Defendant, GSL, as managers of GIL, during the vessel's loading of cargo at Costanza, Romania.

6. The aforementioned port agent/vessel husbanding contract is a maritime contract.

7. Pursuant to the terms and conditions agreed between the parties, WSS and Defendants, GSL and/or GIL, agreed, among other things that WSS would engage various necessary services and procure various necessary goods for the benefit of the vessel, her owners, operators, crew and/or managers.

8. In accordance with the parties' agreements and as per the Defendants' instructions, WSS was caused to incur charges in the amount of EURO 30,959.00 on behalf of Defendants.

9. Despite WSS' repeated demands for payment of the outstanding disbursements, Defendants, GSL and GIL, in breach of the terms of the parties' agreement, have failed, neglected and/or otherwise refused to pay Plaintiff WSS.

10. WSS' claim against Defendants, GSL and GIL, for the outstanding disbursements and fees, plus estimated legal fees, costs and interest is in the aggregate amount of EURO 30,959 (i.e. - USD 46, 096.34).

11. As per the agreement of the parties, and as is customary in port agent contracts, WSS is properly to be awarded its costs, legal fees and interest for the prosecution of this claim, which as best as now can be determined will be approximately USD 15,000.

12. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant GSL and Defendant GIL that no separation exists between them and the corporate form of Defendant GSL has been disregarded such that Defendant GIL primarily transacted the business of Defendant GSL.

13. Upon information and belief, at all material times, Defendant GIL, operated in the name of Defendant GSL such that Defendant GIL was the beneficial owner of Defendant GSL.

14. Upon information and belief, GSL holds itself out as a subsidiary within the GIL network.

15. Upon information and belief, GIL and GSL are each one of several entities which is operated, controlled and managed as a single economic enterprise known as GRADIENT.

16. Upon information and belief, among the entities which comprise the GRADIENT network, including GSL, there is a commonality of control and management centered with GIL and an overlap of officers, directors and employees.

17. Upon information and belief, at all material times, Defendant GIL and Defendant GSL, have overlapping ownership, management, personnel and purposes such that Defendant GIL and Defendant GSL do not operate at arms length.

18. Upon information and belief, at all material times, Defendant GSL and Defendant GIL, have had common addresses, common contact information such that the Defendant GSL has no independent corporate identity from Defendant GIL.

19. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant GIL and Defendant GSL.

20. Upon information and belief, GSL has regularly made payments on behalf of GIL for debts incurred by GIL, and vice versa.

21. Upon information and belief, at all material times, Defendant GIL has dominated, controlled and used Defendant GSL for its own purposes such that there is no meaningful difference between the entities.

22. Upon information and belief, at all material times, Defendant GIL has disregarded the corporate form of Defendant GSL to the extent that Defendant GIL, was actually carrying on GSLs business and operations as if the same were its own, or vice versa.

23. Upon information and belief, Defendant GIL utilizes the Defendant GSL, to transfer funds through, to and from the Southern District of New York on its behalf, and vice versa.

24. Upon information and belief, there are reasonable grounds to conclude that the Defendant GIL is the alter-ego of Defendant GSL and, therefore, Plaintiff WSS has a valid prima facie *in personam* claim against Defendant GIL based upon alter ego liability.

## BASIS FOR ATTACHMENT

25. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

26. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to and/or for the benefit of Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD 61,096.34 to secure and satisfy the Plaintiff's claims, and that all persons claiming

any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       August 13, 2008

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              WILHELMSEN SHIP SERVICE

By: _____
      George M. Chalos (GC-8693)
      123 South Street
      Oyster Bay, New York 11771
      Tel: (516) 714-4300
      Fax: (866) 702-4577
      Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILHELMSEN SHIPS SERVICE

                                        Plaintiff,        08 CV 7206

-v-

                                                               **VERIFICATION**
                                                                **OF COMPLAINT**

GRADIENT SHIPPING LINES PVT LTD, and
GRADIENT INTERNATIONAL LIMITED

                                        Defendants.
-----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, WILHELMSEN SHIP SERVICE, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       August 13, 2008

                                    CHALOS & CO, P.C.
                                    Attorneys for Plaintiff
                                    WILHELMSEN SHIP SERVICE

                          By: _____
                                    George M. Chalos (GC-8693)
                                    123 South Street
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (866) 702-4577
                                    Email: gmc@chaloslaw.com